24-mj-5079

TO: Clerk's Office
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**APPLICATION FOR LEAVE
TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

United States

-v.-

Jonathan Cannon and Julie Dotton

24-MJ- 342
Docket Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff ___ Defendant ___ DOJ ✓
Name: John O. Enright
Firm Name: U.S. Attorney's Office, EDNY
Address: 271 Cadman Plaza East
Brooklyn, NY 11201
Phone Number: 718-254-6203
E-Mail Address: john.enright@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES ___ NO ✓
If yes, state description of document to be entered on docket sheet: _____

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered: _____
Judge/Magistrate Judge: _____
Date Entered: _____

**B) If a new application**, the statute, regulation, or other legal basis that authorizes filing under seal

Ongoing criminal investigation.

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Central Islip , NEW YORK
5/1/24

_____
U.S. MAGISTRATE JUDGE

RECEIVED IN CLERK'S OFFICE _____ DATE

**MANDATORY CERTIFICATION OF SERVICE:**
A.) ___ A copy of this application either has been or will be promptly served upon all parties to this action, B.) ___ Service is excused by 31 U.S.C. 3730(b) by the following other statute or regulation: ___ ; or C.) ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns.
(Check one)

May 1, 2024
DATE

_____
John O. Enright
SIGNATURE

[FILED MAY -2 2024, U.S. District Court, Eastern District of NY]

HDM/DGR:JOE/AT
F. #2022R00468

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JONATHAN CANNON and
JULIE DOTTON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT IN SUPPORT OF ARREST WARRANT

(18 U.S.C. §§ 1343, 2 and 3551 et seq.)

Case No. 24-MJ-342

EASTERN DISTRICT OF NEW YORK, SS:

      Amanda Gildea, being duly sworn, deposes and states that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

      In or about and between March 2020 and October 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JONATHAN CANNON and JULIE DOTTON, together with others, did knowingly and intentionally devise a scheme or artifice to defraud a company, whose identity is known to your deponent, in order to obtain money or property from it by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit or cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds.

      (Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am a Special Agent with the FBI and have been involved in the investigation of numerous cases involving financial crimes, including securities fraud, commodities fraud, wire fraud, mail fraud and money laundering. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; my review of documents obtained in the course of the investigation, including emails obtained pursuant to judicially authorized search warrants; and from my review of reports of other law enforcement officers and regulatory agencies.

Background, Relevant Individuals and Entities

2. The defendant JONATHAN CANNON resides in Miller Place, New York, in the Eastern District of New York. CANNON purports to work in various capacities in the real estate industry.

3. The defendant JULIE DOTTON resides in Orchard Park, New York. DOTTON was the chief executive officer of Applied Sciences Group, Inc., a private company that publicly claimed to "provide[] technically superior software engineering solutions for applications involving research, industrial and manufacturing environments, design-oriented engineering services, technical project management and training."

4. SBM Holdings LLC ("SBM Holdings") is a limited liability company organized under the laws of the state of Wyoming in March 2017 with a principal place of

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

address in Wyoming. SBM Holdings is a nominal entity owned and controlled by the defendant JONATHAN CANNON.

5. New England Development Corp. ("NEDC") is a corporation organized under the laws of the state of Vermont in November 2006 with a principal place of address in Miller Place, New York, in the Eastern District of New York. NEDC purports to be a real estate development business. The defendant JONATHAN CANNON is the president, vice president and secretary of NEDC.

6. KRP Holdings, LLC ("KRP Holdings") is a limited liability company organized under the laws of the state of New York in January 2011 with a principal place of address in Erie County, New York. KRP Holdings is a nominal entity owned and controlled by the defendant JULIE DOTTON.

7. Based on my participation in the investigation to date, I have learned that in or about and between March 2020 and October 2020, the defendants JONATHAN CANNON and JULIE DOTTON executed a scheme to defraud a Canadian company ("Company-1"), an entity whose identity is known to me, that was an official provider of personal protective equipment ("PPE") to two Canadian provinces during the COVID-19 pandemic.

The Fraudulent Scheme

8. On or about March 31, 2020, the defendant JONATHAN CANNON forwarded an email from the defendant JULIE DOTTON to Attorney-1, an individual whose identity is known to me. CANNON informed Attorney-1, in substance, that he was working with DOTTON, that he had given DOTTON an escrow agreement and that DOTTON "will pay you direct for your services, she is good for it." CANNON also stated that he was expecting "part of the funs [sic] are going to me" for an unspecified "other transaction."

9. In or about early April 2020, a representative of Company-1, an individual whose identity is known to me, communicated with the defendant JULIE DOTTON, who represented to the Company-1 representative that she had contacts with Supplier-1, an entity whose identity is known to me, and could quickly and reliably procure PPE, including face masks. DOTTON offered to serve as the intermediary between Supplier-1 and Company-1.

10. On or about April 14, 2020, KRP Holdings, a nominal business entity controlled by the defendant JULIE DOTTON, entered into an agreement with Company-1 to sell Company-1 approximately 12 million face masks for approximately $8.2 million.

11. On or about April 15, 2020, Company-1 wired $8.2 million to Attorney-1, who was serving as a purported escrow agent for the defendant JULIE DOTTON and with whom the defendant JONATHAN CANNON had previously communicated with on March 31, 2020.

12. Bank records reflect that, after Attorney-1 received the funds from Company-1, rather than use the funds to purchase PPE from Supplier-1 on Company-1's behalf as agreed, the defendant JULIE DOTTON, together with the defendant JONATHAN CANNON and others, caused Attorney-1 to wire the funds to a bank account in the name of SBM Holdings, an entity owned and controlled by CANNON.

13. On or about April 16, 2020, the defendant JONATHAN CANNON emailed the defendant JULIE DOTTON, among other things, a "Corporate Resolution" document for SBM Holdings and wiring instructions for a bank account in the name of SBM Holdings. The Corporate Resolution claimed that SBM Holdings, whose only director was CANNON, had held a Board meeting that same day and issued the Corporate Resolution. The Corporate Resolution purportedly resolved the following:

     a. SBM Holdings was "to join with KRP Holdings LLC and Julie Dotton . . . in her Medical Supply business. All funds moved to this account from KRP Holdings LLC and Julie Dotton will be directed by KRP Holdings LLC and Julie Dotton. Any and ALL fees payable to SBM Holdings, LLC will be discussed and directed as payment from Julie Dotton."

     b. The Corporate Resolution further resolved that "Jonathan Cannon will need to sign authorizing ANY movement of funds from the [bank account in the name of SBM Holdings] in which the invested funds will be held."

     c. Finally, the Corporate Resolution resolved that "these funds are the property of KRP Holdings LLC and are being used solely for the purposes to expedite business in the Medical Supply business that Julie Dotton has. The funds will be directed to be paid at the Sole discretion of Julie Dotton and KRP Holdings LLC."

     d. The Corporate Resolution was signed by the defendant JONATHAN CANNON on behalf of SBM Holdings and the defendant JULIE DOTTON on behalf of KRP Holdings.

    14. The Corporate Resolution's purported resolutions were, as defendant JONATHAN CANNON knew, false and misleading, as CANNON distributed the monies received in the SBM Holdings account to third parties for purposes other than in connection with any medical supply business as demonstrated below.

    15. In an email attaching the Corporate Resolution, the defendant JONATHAN CANNON told the defendant JULIE DOTTON, "as discussed [Attorney-1] will have to physically go to bank, so you should instruct him soon, maybe he will go on his Lunch break."

16. On or about April 17, 2020, funds obtained from Company-1 were received by the bank account in the name of SBM Holdings. CANNON then caused the funds from the account in the name of SBM Holdings to be further disbursed to bank accounts controlled by the defendants JULIE DOTTON and JONATHAN CANNON and other third parties, including confederates of CANNON and DOTTON. Among other wire transfers, CANNON caused $2.75 million in the account in the name of SBM Holdings to be wired to a bank account in the name of NEDC controlled by CANNON.

17. Over the course of the next several months, the defendant JONATHAN CANNON disbursed the $2.75 million in the NEDC Account to various third parties, including CANNON's family members.

18. In addition, on or about April 22, 2020, the defendant JULIE DOTTON emailed the defendant JONATHAN CANNON and asked him to execute a series of personal wire transfers of almost $700,000 from the account in the name of SBM Holdings to, among others, certain of DOTTON's creditors. CANNON caused these wire transfers to be made from the account in the name of SBM Holdings within two days.

19. According to records made publicly available in private litigation between Company-1, on the one hand, and the defendants JONATHAN CANNON and JULIE DOTTON and others, on the other hand, Company-1 never received PPE from CANNON, DOTTON or their respective entities and, in fact, has recovered only $250,000 of the $8.2 million it wired to Attorney-1 as described above.

WHEREFORE, your deponent respectfully requests that the defendants JONATHAN CANNON and JULIE DOTTON be dealt with according to law.

*Amanda Gildea*
Amanda Gildea
Special Agent, Federal Bureau of Investigation

Sworn to before me by telephone on this
__1st__ day of May, 2024

_____
THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Julie Dotton | ) Case No. 24-MJ-342 |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Julie Dotton,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

In violation of Title 18, United States Code, Sections 1343

Date: 05/01/2024

*Issuing officer's signature*

City and state: Central Islip, New York

Hon. Steven L. Tiscione
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: Julie Dotton

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:

Social Security number:

Height:     Weight:

Sex:     Race:

Hair:     Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*: